IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CORI LYNN HOLMES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | 8:08CV4 |
| vs. | ) | |
| | ) | ORDER |
| **CROSSROADS JOINT VENTURE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on defendants' revised motion to compel discovery [38]. The movants have complied with the requirements of NECivR 7.1(i).

The record shows that defendants served interrogatories and requests for production of documents on the plaintiff on February 25, 2008. To date, the plaintiff has not served any responses.[1] The court finds that, by failing to timely respond, plaintiff has waived all objections to these discovery requests, *see* Fed. R. Civ. P. 33(b)(4) & 37(d)(2), and that defendants' motion should be granted.

Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel discovery is granted, or if requested discovery is provided after a motion to compel or sanction is filed, sanctions must be awarded to the moving party absent a showing of good cause for the non-disclosure by the opposing party. A party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that its position is substantially justified, or that other circumstances make an award of expenses unjust. *See Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994). Further, "[A] party may not

---

[1] The plaintiff did not respond to this motion, and there is no certificate of record indicating that the plaintiff has ever served responses to defendants' discovery requests.

avoid sanctions merely by producing the documents after a motion has been filed." *Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999) (citing *Second Chance Body Armor, Inc. v. Am. Body Armor, Inc.*, 177 F.R.D. 633, 636 (N.D. Ill. 1998)).

Here, the plaintiff failed to respond to defendants' motion to compel and has not demonstrated that her failure to timely provide discovery was substantially justified or that other circumstances make an award of expenses unjust. Accordingly, monetary sanctions will be assessed against the plaintiff.

Plaintiff is cautioned that failure to comply with this order and failure to respond to defendants' outstanding discovery requests may have very serious consequences. Rule 37 of the Federal Rules of Civil Procedure provides an array of sanctions a court may impose for a party's failure to obey a court's discovery order, including payment of costs and attorney's fees and/or dismissal of the action. The case may also become subject to involuntary dismissal pursuant to Fed. R. Civ. P. 41(b).

**IT IS ORDERED** that defendants' Revised Motion to Compel [38] is granted, as follows:

1.   Plaintiff has waived all objections to defendants' Interrogatories and Requests for Production of Documents.

2.   Plaintiff is given until the close of business on **July 25, 2008** to provide complete responses to all of defendants' interrogatories and requests for production of documents. The responses must be signed and must, in all respects, comply with the requirements of Fed. R. Civ. P. 33 and 34.

3. Defendants are entitled to an award of costs pursuant to Fed. R. Civ. P. 37. The parties shall be heard on the matter of costs and sanctions as follows:

    a. Defendants may file a Motion for Attorney Fees, together with an affidavit attesting to the time and expenses incurred in preparing the instant motions to compel, no later than **August 1, 2008.**

    b. Plaintiff shall serve and file a response, if any, to defendants' Motion for Attorney Fees no later than **August 18, 2008**, at which time the issue of costs and sanctions will be deemed submitted and a written order entered.

**DATED July 9, 2008.**

                                                  **BY THE COURT:**

                                                  **s/ F.A. Gossett**
                                                  **United States Magistrate Judge**