IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CORI LYNN HOLMES,** | ) | **CASE NO. 8:08CV4** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| **CROSSROADS JOINT VENTURE,** an | ) | **AND ORDER** |
| Indiana Partnership with **SIMON** | ) | |
| **PROPERTIES GROUP, L.P., MS** | ) | |
| **MANAGEMENT ASSOCIATES, INC.,** a | ) | |
| Foreign Corporation, **OFFICER** | ) | |
| **RUMMELL, OFFICER LEGGITT,** and | ) | |
| **OFFICER CLARK,** | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Cori Lynn Holmes ("Cori Lynn"), originally filed this action in the District Court of Douglas County, Nebraska, on December 26, 2006. Her Second Amended Petition, filed on December 4, 2007, was removed to this Court by the Defendants on January 3, 2008. (Notice of Removal, Filing No. 1). Defendants assert that this Court has original jurisdiction over the action because the claims are founded in part on rights arising under the laws of the United States, and are "founded in part on an alleged act under color of authority derived from law providing for equal rights."  (*Id.*, ¶¶ 3, 4, quoting 28 U.S.C. § 1443). Cori Lynn was given leave to filed a Third Amended Complaint (Filing No. 44), which is the subject of the pending Motion to Dismiss and/or Strike (Filing No. 45). For the reasons stated below, the Motion to Dismiss the Plaintiff's Fourth and Fifth Causes of Action will be granted, and the Motion to Strike will be denied.

## STANDARD OF REVIEW

The Defendants' Motion to Dismiss the Fourth and Fifth Causes of Action in the Third Amended Complaint under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the

factual allegations in those causes of action. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .'' *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

With respect to the Defendants' Motion to Strike certain language from paragraph 6 of the Third Amended Complaint under Fed. R. Civ. P. 12(f) as immaterial, impertinent and scandalous, courts enjoy liberal discretion under the rule. *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). A judge's ruling on a 12(f) motion will be reviewed on appeal for abuse of such discretion. *Id.*

## FACTS

For purposes of the pending Motion to Dismiss and/or Strike, this Court accepts as true the factual allegations in the Third Amended Complaint, although the Court is not bound to accept the Plaintiff's legal conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1965.

Cori Lynn[1] and her father, Robert Holmes ("Robert"), are African-American residents of Omaha, Nebraska. Defendant Crossroads Joint Venture owned Crossroads Mall in

---

[1] Cori Lynn was born on December 27, 1984.

Omaha, which it operated in partnership with Defendants Simon Property Group, L.P. ("Simon"), and MS Management Associates, Inc. ("MS").  Defendants Rummell, Leggitt, and Clark were employed by Defendants Crossroads Joint Venture, Simon, and MS as security guards at Crossroads Mall.

On January 28, 1995, when Cori Lynn was ten years old, she went to Crossroads Mall with Robert to purchase merchandise at retail stores.  Rummel, who was on duty as a security guard, approached Cori Lynn and Robert and required them to go to a small room where they were joined by Leggitt and Clark, who were also on duty.  Rummel, Leggitt and Clark questioned Robert; asked whether he had a knife; and allegedly directed racial slurs at him, all in the presence of Cori Lynn, causing her fear and emotional distress.  The officers asked Robert to sign a form banning himself from the Crossroads Mall, but allegedly would not allow him to read the form.  When Robert refused to sign the form, Clark issued him a citation for criminal trespass, before releasing him and Cori Lynn.

## DISCUSSION

Cori Lynn's Third Amended Complaint contains five Causes of Action.  Only the First Cause of Action purports to include any claim based on federal law.  The First Cause of Action alleges that the Defendants deprived Cori Lynn of her civil rights in violation of several Nebraska statutes as well as "USCA § 200a et seq."  Liberally construing the allegations in the Third Amended Complaint, the Court infers that Cori Lynn is making a claim for a violation of her right to the equal enjoyment of public facilities and accommodations under 42 U.S.C. § 2000a *et seq.*, and that this Court has subject matter jurisdiction over her claim and may exercise supplemental jurisdiction over her related Nebraska state law claims.

**Motion to Dismiss**

Defendants argue that the Fourth and Fifth Causes of Action pled in Cori Lynn's Third Amended Complaint fail to state claims upon which relief can be granted.

*Negligent Infliction of Emotional Distress*

In her Fourth Cause of Action, Cori Lynn alleges that the Defendants negligently caused her emotional distress.

> In Nebraska, where there is no impact or physical injury to the plaintiff, the plaintiff seeking to bring an action for negligent infliction of emotional distress must show either (1) that he or she is a reasonably foreseeable "bystander" victim based upon an intimate familial relationship with a seriously injured victim of the defendant's negligence or (2) that the plaintiff was a "direct victim" of the defendant's negligence because the plaintiff was within the zone of danger of the negligence in question.

*Catron v. Lewis*, 712 N.W.2d 245, 248-49 (Neb. 2006) (citing *Hamilton v. Nestor*, 659 N.W.2d 321 (Neb. 2003); *James v. Lieb*, 375 N.W.2d 109 (Neb. 1985)).

Cori Lynn contends that she was a direct victim of the Defendants' negligence, because she was in the "zone of danger" created by the Defendants' negligent conduct. (Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss and/or Strike, Filing No. 48 p.2). The Court, therefore, will not address the Defendants' arguments regarding "bystander emotional distress," applicable when one observes or otherwise becomes aware of the death or serious bodily injury of an intimate relative in a shocking manner.

For Cori Lynn to state a claim upon which relief can be granted as a direct victim of negligent infliction of emotional distress, she must allege that the Defendants' negligent conduct placed her in immediate risk of physical harm. *Catron,* 712 N.W.2d at 249 (citing *James*, 375 N.W.2d at 111, and *Nielson v. AT & T Corp.*, 597 N.W.2d 434 (S.D. 1999)). "Persons in the zone of danger are clearly foreseeable plaintiffs to the negligent actor

insofar as they have been placed at unreasonable risk of immediate bodily harm by the actor's negligence." *Catron*, 712 N.W.2d at 249.

Cori Lynn relies on two Nebraska Supreme Court cases to support her claim for negligent infliction of emotional distress: *Sell v. Mary Lanning Mem'l Hosp. Ass'n.*, 498 N.W.2d 522 (Neb. 1993), and *Hamilton v. Nestor*, 659 N.W.2d 321 (Neb. 2003).

In *Sell*, the defendant hospital mistakenly informed the plaintiff that her son had died. Because the plaintiff's family member was not in fact injured or killed, the Nebraska Supreme Court considered the plaintiff's claim as one for "direct" rather than "bystander" injury. The court vacated a verdict for the plaintiff, noting that "'an action for emotional distress is a particular type of legal action which requires 'emotional distress . . . so severe that no reasonable person could have been expected to endure it.'" *Sell*, 498 N.W.2d at 525 (quoting *Parrish v. Omaha Pub. Power Dist.*, 496 N.W.2d 914, 916 (Neb. 1993)). Although the plaintiff presented evidence that she was in a "state of shock," cried continuously, had trouble eating and sleeping, and was placed on medication so she could rest, the court concluded as a matter of law that she failed to present a prima facie case of negligent infliction of emotional distress. *Sell*, 498 N.W.2d at 525.

In *Hamilton*, the plaintiff was the driver of a vehicle involved in a collision, and was in the "zone of danger" caused by the negligence of the other driver. Hamilton sued for his emotional injuries, including medically diagnosed and clinically significant post traumatic stress disorder. As in *Sell*, the Nebraska Supreme Court concluded as a matter of law that the emotional injury suffered by Hamilton was not "'so severe that no reasonable person

5

could have been expected to endure it'" and that the defendant was entitled to summary judgment. *Hamilton*, 659 N.W.2d at 330 (quoting *Sell*, 498 N.W.2d at 525).

Cori Lynn's claim that she is entitled to relief as a direct victim of the Defendants' allegedly negligent conduct fails, as such conduct at no time placed her in immediate risk of physical harm, nor could the Defendants have foreseen that she was at unreasonable risk of immediate bodily harm. *Catron*, 712 N.W.2d at 249. Even if risk of physical harm were not always a necessary element of a cause of action for a "direct victim" of negligent infliction of emotional distress, Cori Lynn's Fourth Cause of Action would still fail, because the distress she suffered was not such that "no reasonable person could have been expected to endure it." *Sell*, 498 N.W.2d at 525. The Nebraska Supreme Court has applied an objective "reasonable person" factor in the elements of a prima facie case for negligent infliction of emotional distress. That court has concluded that learning of the sudden death of a child or a parent is not in itself enough to be actionable as distress "so severe that no reasonable person could have been expected to endure it," even when medically diagnosed and clinically significant emotional injuries are proved. *Sell*, 498 N.W.2d at 525; *Hamilton*, 659 N.W.2d at 330. The facts alleged by Cori Lynn simply do not state a cause of action for negligent infliction of emotional distress under Nebraska law.

<u>Invasion of Privacy</u>

In her Fifth Cause of Action, Cori Lynn alleges that the Defendants invaded her privacy in violation of Neb. Rev. Stat. § 20-201 *et seq.* (Reissue 1977), causing her emotional distress. These statutes define invasions of privacy based on exploitation of a person for advertising of commercial purposes (§ 20-202), trespass or intrusion upon a

person in his or her place of solitude or seclusion (§ 20-203), and publicity placing a person before the public in a false light (§ 20-204).

Cori Lynn contends that § 20-203 encompasses a privacy interest in the parent/child relationship, and that the Defendants violated that privacy interest when her father/daughter outing was interrupted. (Plaintiff's Brief in Opposition to the Motion to Dismiss and/or Strike, Filing No. 48, p. 2-3). The United States Court of Appeals for the Eighth Circuit considered § 20-203 and its legislative history in *Ritchie v. Walker Mfg. Co.*, 963 F.2d 1119 (8th Cir. 1992), concluding that the section "is premised upon a place or a physical location to which one is reasonably entitled to a sense of privacy" such as "a home, an office, a restroom, [or] a telephone booth." *Id.* at 1123 (quoting Floor Debates, L.B. 394, Neb. Leg., 86th Sess. 2368 (March 29, 1979)). The Defendants did not trespass or intrude upon Cori Lynn in a place of solitude or seclusion.

To the extent that Cori Lynn may be asserting that the Defendants violated her right of privacy in a broader, constitutional sense, her claim also fails. The Supreme Court has described a right of privacy protected under the Due Process Clause of the Fourteenth Amendment:

> Our law affords constitutional protection to personal decisions relating to marriage, procreation, contraception, family relationships, child rearing and education. . . . These matters, involving the most intimate and personal choices a person may make in a lifetime, choices central to personal dignity and autonomy, are central to the liberty protected by the Fourteenth Amendment. At the heart of liberty is the right to define one's own concept of existence, of meaning of the universe, and of the mystery of human life.

*Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 851 (1992) (citation omitted).

The interruption of a father/daughter trip to the mall, even if wrongful and done under color of law, does not constitute an infringement on a choice central to personal dignity and autonomy rising to the level of a constitutional violation of the right of privacy.

**Motion to Strike**

The Defendants ask the Court to strike from paragraph 6 of the Third Amended Complaint a reference to Robert's filing of a civil action against "some or all of the Defendants" which culminated in a decision of the Nebraska Supreme Court reported at *Holmes v. Crossroads Joint Venture*, 629 N.W.2d 511 (Neb. 2001). Under Fed. R. Civ. P. 12(f) this Court has liberal discretion to grant or deny such a motion to strike.

The Court does not find the reference to be scandalous, and it remains to be seen whether it is material or pertinent. Liberally construing the Third Amended Complaint, it appears that Cori Lynn implies that the Defendants bore Robert ill will because of facts underlying the civil action, and that such facts provided a motive for the Defendants' actions on January 28, 1995. The case citation appears to be a shorthand reference to such facts. Rather than granting the Plaintiff leave to file yet another amended complaint, the motion to strike will be denied, and the Court will determine at a later date what relevance, if any, the earlier civil action and the decision of the Nebraska Supreme Court may have to this case.

**CONCLUSION**

For the reasons stated in this memorandum, the Defendants' motion to dismiss the Plaintiff's Fourth and Fifth Causes of Action will be granted, and the Defendants' motion to strike will be denied.

IT IS ORDERED:

1. The Defendants' Motion to Dismiss and/or Strike (Filing No. 45) is granted in part and denied in part, as follows:

    a. The Defendant's Motion to Dismiss the Fourth and Fifth Causes of Action in the Third Amended Complaint is granted;

    b. The Fourth and Fifth Causes of Action in the Third Amended Complaint are dismissed;

    c. The Defendants' Motion to Strike language from paragraph 6 of the Third Amended Complaint is denied; and

2. The Defendants will respond to the remaining claims in the Third Amended Complaint on or before August 8, 2008.

DATED this 25th day of July, 2008.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Judge